# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CRAIG LEWIS BASSETT,**
**D.O.C. # W26112,**

    **Plaintiff,**

vs.                                                                  Case No. 4:17cv487-RH/CAS

**GOVERNOR RICK SCOTT,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was granted leave to proceed in forma pauperis and assessed an initial partial filing fee. ECF No. 9. Plaintiff has paid the partial filing fee, ECF No. 11, and it is now appropriate to review his amended civil rights complaint, ECF No. 6, which was filed under 42 U.S.C. § 1983 against the Governor of the State of Florida.

Prior to review of Plaintiff's allegations, Plaintiff has filed a motion requesting the fee be waived due to insufficient funds. ECF No. 12. As the fee was paid four days before Plaintiff's motion was filed, the motion should be denied as moot. Additionally, reducing the balance of an inmate bank

account by purchasing items in the commissary does not provide good cause to relieve Plaintiff of his obligation to pay the filing fee.

Also pending in this case is Plaintiff's motion requesting class action certification. ECF No. 8. A prerequisite for class action certification is a finding by the Court that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). It is well established, however, that pro se plaintiffs "cannot be an adequate class representative." Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Courts repeatedly decline to allo pro se prisoners to litigate a case on behalf of other prisoners. Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (holding that a pro se litigant "cannot bring an action on behalf of his fellow . . . inmates"); Bass v. Benton, 408 F. App'x 298, 299 (11th Cir. 2011) (affirming dismissal of former prisoner's pro se class action civil rights complaint because the pro se plaintiff "may not represent the plaintiffs in a class action suit"). Plaintiff's motion should be denied because he cannot bring a pro se complaint as a class action lawsuit.

Plaintiff's amended complaint asserts that in October of 2004, he asked his defense counsel to inform the jury "of the mandatory life without

Case No. 4:17cv487-RH/CAS

parole sentence" he would face if he was convicted. ECF No. 6 at 5. Plaintiff was informed that judicial rules[1] forbid doing so and he was subsequently found guilty. *Id.* Plaintiff alleges that years later he discovered that was incorrect and "the law in Florida mandated a jury penalty instruction." *Id.* Even accepting those alleged facts as true and correct, those events reveal no involvement by Governor Rick Scott, the only Defendant named in this case.

The only factual allegations alleged which pertain to Governor Scott were that in December 2015, Plaintiff "notified the governor of the illegal paradox[2] that existed" and requested "he should use his executive powers

---

[1] It appears that Plaintiff is referencing Florida Rule of Criminal Procedure 3.390(a) which "has been construed to mean that the jury need only be instructed as to the possible penalty when it is faced with the choice of recommending either the death penalty or life imprisonment." Nixon v. State, 572 So.2d 1336, 1345 (Fla. 1990) (quoted in Mesa v. Sec'y, Dep't of Corr., No. 8:08-CV-983-T-23MAP, 2011 WL 611665, at *8 (M.D. Fla. Feb. 11, 2011) (holding that "[b]ecause Mesa faced no potential death sentence, trial counsel had no basis for requesting that the trial judge advise the jury of Mesa's potential sentence."). Rule 3.390(a) provides in relevant part: "Except in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial." Fla.R.Crim.P. 3.390(a) (quoted in Ruiz v. McNeil, No. 09-21731-CIV, 2010 WL 11506681, at *7 (S.D. Fla. Aug. 3, 2010), report and recommendation adopted, No. 09-21731-CIV, 2010 WL 11506682 (S.D. Fla. Oct. 25, 2010), *aff'd sub nom.* Ruiz v. Sec'y, Fla. Dep't of Corr., 439 F. App'x 831 (11th Cir. 2011).

[2] The paradox Plaintiff complains about is that a Florida statute provides that when the court charges the jury at the close of the case, "[t]he charge shall be only on the law of the case and must include the penalty for the offense for which the accused is being charged." FLA. STAT. § 918.10(1). Plaintiff argues that is contradictory to Rule 3.390(a)

Case No. 4:17cv487-RH/CAS

to intervene." ECF No. 6 at 6. Plaintiff said he received "no response." *Id.* Then in March 2017, Plaintiff alleged that he sent "a notice of intent to file suit" but, once again, "[t]he Governor did not respond." *Id.*

Those facts do not reveal that the Defendant Governor violated Plaintiff's constitutional rights. "To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983). In other words, Plaintiff must allege that Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970)). Because Plaintiff lacks a constitutional right to have the Governor respond

---

which requires the judge to "not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial." Fla. R. Crim. P. 3.390(a).

to his communications, he has not alleged facts sufficient to state a claim under § 1983 against the Governor.

Moreover, it appears that Plaintiff brought this civil rights action in an attempt to pursue habeas relief. ECF No. 6 at 7. Plaintiff seeks a declaratory judgment invalidating either § 918.10 or Rule 3.390(a) which "will allow the deprivation of the penalty instruction to be raised in state courts." *Id.* Plaintiff contends that resetting the date of his conviction "will allow a means to seek federal relief if state courts refuse to recognize the error . . . ." *Id.*

A civil rights case cannot be used to seek relief which is exclusively available through a petition for habeas corpus. The Eleventh Circuit explained why Plaintiff's claims cannot proceed in Wells v. Attorney Gen., Fla., 470 F. App'x 754, 755 (11th Cir. 2012):

> A prisoner convicted and sentenced under state law may seek federal relief in two primary ways: (1) a petition for habeas corpus, 28 U.S.C. § 2254, or (2) a complaint under 42 U.S.C. § 1983. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). These two avenues of relief are mutually exclusive. If a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights complaint. *Id.* The line of demarcation between a § 1983 claim and a § 2254 habeas claim is based on how the claim relates to a prisoner's conviction or sentence. *Id.* '[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration

> of his confinement and seeks immediate or speedier release.' *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (quotation omitted). Thus, declaratory or injunctive relief claims that challenge the validity of the prisoner's conviction or sentence and seek release are cognizable only through a § 2254 petition, and not under § 1983. *Id.*

Wells, 470 F. App'x at 755. The Eleventh Circuit affirmed the district court's dismissal of the § 1983 complaint as a challenge to "the Florida statutes under which he was convicted and sentenced because the claims effectively were a challenge to the validity of his conviction and sentence and were not cognizable under § 1983." Wells, 470 F. App'x at 756. Additionally, because the prisoner had previously sought habeas relief, the § 1983 action, "if construed as a petition for habeas relief, would be a second or successive petition." 470 F. App'x at 756. Thus, because Wells had not obtained an order authorizing a successive action, the Eleventh Circuit concluded that the "district court correctly determined that it was without jurisdiction to consider Wells's complaint." Id.

Here, as in Wells v. Attorney Gen., Plaintiff has "challenged the constitutionality of the state statutes under which he was convicted and sentenced." 470 F. App'x at 755. Plaintiff does not face future injury from this statute but, rather, his harm is from its past operation. McGee v.

Case 4:17-cv-00487-RH-CAS    Document 13    Filed 05/22/18    Page 7 of 9

Solicitor Gen. of Richmond Cty., Ga., 727 F.3d 1322, 1325 (11th Cir. 2013) (dismissing complaint for lack of standing because plaintiff did not demonstrate a sufficient likelihood of again being convicted in state court and being placed on probation); Keen v. Judicial Alternatives of Georgia, Inc., 637 F. App'x 546, 548 (11th Cir. 2015) (affirming dismissal of putative class action seeking a declaratory judgment because plaintiff did not demonstrate "that he faced an actual, imminent injury that would confer standing to challenge the state statute.").  "Declaratory relief is by its nature prospective." McGee, 727 F.3d at 1325.  Judicial notice is taken that Plaintiff is currently serving a life sentence and he does not show any likelihood of future injury.  Plaintiff lacks standing to seek a declaratory judgment.

Furthermore, this civil rights case cannot challenge either § 918.10 or Rule 3.390(a) as it was applied during Plaintiff's criminal trial because that is a habeas claim.  Moreover, this case cannot be converted into a habeas petition because Plaintiff has previously, and unsuccessfully, sought habeas relief in a federal district court some seven years ago.  Judicial notice is taken that Plaintiff's § 2254 petition was dismissed as time barred

on January 11, 2011.³ Plaintiff has not shown that he has obtained an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider a second or successive petition. 28 U.S.C. § 2244(b)(3)(A); Wells, 470 F. App'x at 756. Accordingly, this case should be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** because Plaintiff lacks standing to seek declaratory relief, and Plaintiff's pending motions, ECF Nos. 8 and 12, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 22, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R.**

---

³ Judicial notice is taken of Plaintiff's habeas case which shows that in 2004, he was convicted on charges of "sexual battery on a person less than 12 years of age and two counts of lewd or lascivious molestation on a person less than 12 years of age." Bassett v. McNeil, No. 10-CV-80511, 2011 WL 666155, at *1 (S.D. Fla. Jan. 11, 2011), report and recommendation adopted, No. 10-80511-CIV, 2011 WL 666179 (S.D. Fla. Feb. 14, 2011).

Case No. 4:17cv487-RH/CAS

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u> **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**