IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CRAIG LEWIS BASSETT,

    Plaintiff,

v.                                                  CASE NO. 4:17cv487-RH/CAS

GOVERNOR RICK SCOTT,

    Defendant.

_____/

## ORDER OF DISMISSAL

The plaintiff Craig Lewis Bassett was convicted in a Florida state court and sentenced to life in prison. He is serving that sentence. In this civil action under 42 U.S.C. § 1983, Mr. Bassett asserts that a Florida procedure that was followed in his case is unconstitutional. Under the challenged procedure, a jury is not told a defendant's potential sentence, unless the state seeks the death penalty. Mr. Bassett faced a life sentence but not the death penalty, so the jury learned nothing about the penalty.

This was proper. The jury's role was to determine whether the state proved Mr. Bassett guilty beyond a reasonable doubt. The potential sentence had nothing

to do with it. It is not unconstitutional to withhold from a jury information that has no proper bearing on any issue the jury will be asked to decide.

In any event, the case is before the court on the magistrate judge's report and recommendation, ECF No. 13, the objections, ECF No. 14, and Mr. Bassett's additional memorandum, ECF No. 15. I have reviewed the issues de novo. The report and recommendation correctly concludes that the complaint must be dismissed not only because Mr. Bassett's claim is unfounded on the merits but for procedural reasons as well. A pro se plaintiff cannot properly represent a class. A claim that, if successful, would necessarily show that a prisoner was improperly convicted must be asserted in a petition for a writ of habeas corpus, not in a § 1983 action. And Mr. Bassett has named as a defendant only the Governor of Florida—an official who had no role in Mr. Bassett's prosecution, conviction, or sentencing, who had no role in adopting the challenged procedure, and who does not follow or apply that procedure.

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "This case is dismissed." The clerk must close the file.

SO ORDERED on June 9, 2018.

s/Robert L. Hinkle
United States District Judge
